UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AVA MCMAHON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:14-cv-01551 |
| ) | Judge Trauger |
| FRIENDSHIP HOME SOLUTIONS, INC., ) | |
| ) | |
| Defendant. ) | |

# **M E M O R A N D U M**

The plaintiff, proceeding *pro se* and *in forma pauperis*, is a resident of Davidson County. The plaintiff alleges claims against Friendship Home Solutions, Inc., under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and the Tennessee Human Rights Act. (Docket No. 1). The plaintiff, an African-American, alleges that she was employed by the defendant until her termination in June 2009. She claims that her discharge was discriminatory because employees from African countries were not discharged for engaging in conduct allegedly similar to that which resulted in the plaintiff's discharge. (*Id.*)

The court must screen *in forma pauperis* complaints pursuant to 28 U.S.C. § 1915(e)(2) to determine if the complaint contains claims that are frivolous, malicious, or fail to state claims upon which relief can be granted. *Id.*

A review of the court's records shows that, on November 28, 2012, the plaintiff brought an action against the same defendant named in the instant complaint, alleging the same facts as those raised in the instant complaint. *See McMahon v. Friendship Home Solutions, Inc.,* Case No. 3:12-cv-01232 (Trauger, J.) On January 18, 2013, the court dismissed with prejudice Counts One and Three of the complaint. (Docket No. 15). In addition, on that same date, the court dismissed with

1

prejudice any allegations in Count Two under Title VII that relate to discrimination based upon anything but national origin. (*Id.*) The court determined that "[w]hat remains is a Title VII complaint alleging discrimination on the basis of national origin." (*Id.*) On August 8, 2013, the court dismissed the action without prejudice after the plaintiff's attorney filed a notice of voluntary dismissal. (*Id.*, Docket No. 25).

The broad doctrine of *res judicata* encompasses both claim preclusion (*res judicata*) and issue preclusion (collateral estoppel). *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996). Under claim preclusion, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated, as well as every theory of recovery that could have been presented. *Id.* Under issue preclusion, once an issue actually is determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action when used against any party to the prior litigation. *Montana v. United States*, 440 U.S. 147, 152-54 (1979). Dismissal with prejudice is considered a final judgment on the merits for purposes of *res judicata*. *See Haddad v. Mich. Nat'l Corp.*, 34 Fed. Appx. 217, 218 (6th Cir. 2002)(citing *Matter of W. Tex. Mktg. Corp.*, 12 F.3d 487, 501 (5th Cir. 1994)).

After reviewing the plaintiff's instant complaint, it appears that the plaintiff has simply restated the same allegations against the same defendant. In fact, it appears that the plaintiff has submitted the exact same complaint, albeit this time she submitted the complaint acting *pro se*. The court already has rendered a final decision on the merits regarding the plaintiff's claims alleged in Counts One and Three, as well as any allegations in Count Two under Title VII that relate to discrimination based upon anything but national origin. As a result, those claims are barred by the doctrine of *res judicata* and must be dismissed.

This leaves the plaintiff's Title VII claim alleging discrimination on the basis of national origin. Title VII proscribes certain discriminatory employment practices. 42 U.S.C. § 2000(e)-2. Title VII also requires a plaintiff alleging employment discrimination to file a timely charge of discrimination with either the Equal Employment Opportunity Commission (EEOC), or the Tennessee Human Rights Commission (THRC), before bringing suit. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798 (1973). When a charge of discrimination is filed, the EEOC, or the THRC, investigates the complaint to determine whether there is "reasonable cause to believe that the charge is true." 42 U.S.C. § 2000e-5(b). If it is determined that the complaint has a reasonable basis, the EEOC, or the THRC, will issue a right-to-sue notice to the plaintiff. 29 C.F.R. § 1601.28(b).

A plaintiff must possess a right-to-sue notice to file suit in federal court under Title VII. *EEOC v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 456 (6th Cir. 1999). In other words, the receipt of a right-to-sue notice is a condition precedent to filing a lawsuit under Title VII. *See Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 309 (6th Cir. 2001), *cert. denied*, 533 U.S. 951 (2001); *Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1031-32 (6th Cir.1998). Once the right-to-sue notice is issued, a plaintiff has ninety (90) days within which to file a civil action. *See* 29 U.S.C. § 626(d); 42 U.S.C. § 2000e-5(f)(1); *see also Cleveland Newspaper Guild, Local 1 v. Plain Dealer Publ'g Co.*, 839 F.2d 1147, 1150 (6th Cir. 1988).

The complaint alleges that, after her discharge in 2009, the plaintiff filed a timely charge of discrimination with theTHRC, which was transferred to the EEOC for investigation and handling. (Docket No. 1). The complaint further alleges that "[t]his lawsuit is being filed within ninety (90) days of receipt of the notice of the right to sue." (Docket No. 1). However, no right-to-sue notice

3

was submitted with the complaint.[1]

Accordingly, the plaintiff will be directed to file, within ten (10) days of the dates she receives this order, a copy of the right-to-sue notice issued to her by either the EEOC or the THRC. As discussed above, the right-to- sue notice is required to litigate the plaintiff's claim.

For the reasons explained above, the plaintiff's claims raised in Counts One and Three, as well as any allegations in Count Two under Title VII that relate to discrimination based upon anything but national origin, are barred by the doctrine of *res judicata*. Those claims must be dismissed. However, as to the plaintiff's remaining claim, a Title VII claim alleging discrimination on the basis of national origin, the plaintiff must file a copy of the right-to-sue notice issued to her by either the Equal Employment Opportunity Commission or the Tennessee Human Rights Commission before the case may proceed.

An appropriate Order will be entered.

                                                      Aleta A. Trauger
                                                      United States District Judge

---

[1] Nor did the plaintiff submit a right-to-sue letter with the complaint filed in Case No. 3:12-cv-1232.