UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| AVA MCMAHON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:14-cv-01551 |
| | ) | Judge Trauger |
| FRIENDSHIP HOME SOLUTIONS, INC., | ) | |
| Defendant. | ) | |

## M E M O R A N D U M

Plaintiff Ava McMahon, proceeding *pro se* and *in forma pauperis*, is a resident of Nashville, Tennessee. In her complaint filed on July 28, 2014 (Docket No. 1), the plaintiff alleged claims against her former employer, Friendship Home Solutions, Inc., under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and the Tennessee Human Rights Act. (Docket No. 1). Ms. McMahon, an African-American, alleges that she was employed by the defendant until her termination in June 2009. She claims that her discharge was discriminatory because employees from African countries were not discharged for engaging in conduct allegedly similar to that which resulted in the plaintiff's discharge. (*Id.*)

On November 28, 2012, the plaintiff brought an action against the same defendant. *See McMahon v. Friendship Home Solutions, Inc.,* Case No. 3:12-cv-01232 (Trauger, J.) On January 18, 2013, the court dismissed with prejudice Counts One and Three of the complaint. (Docket No. 15). In addition, on that same date, the court dismissed with prejudice any allegations in Count Two under Title VII that relate to discrimination based upon anything but national origin. (*Id.*) The court determined that "[w]hat remains is a Title VII complaint alleging discrimination on the basis of national origin." (*Id.*) On August 8, 2013, the court dismissed the action without prejudice after

the plaintiff's attorney filed a notice of voluntary dismissal. (*Id.*, Docket No. 25).

After the plaintiff filed the instant lawsuit, by order and memorandum entered on August 12, 2014, the court dismissed the plaintiff's claims raised in Counts One and Three, as well as any allegations in Count Two under Title VII that relate to discrimination based upon anything but national origin, because those claims were barred by the doctrine of *res judicata*. (Docket Nos. 4 and 5). However, as to the plaintiff's remaining claim, a Title VII claim alleging discrimination on the basis of national origin, the court directed the plaintiff to file a copy of the right-to-sue notice issued to her by either the Equal Employment Opportunity Commission (EEOC) or the Tennessee Human Rights Commission. (*Id.*)

The plaintiff filed her right-to-sue notice on August 19, 2014. (Docket No. 8). The right-to-sue notice is dated August 28, 2012. (*Id.* at p. 1). By order entered on November 20, 2014, the court ordered the plaintiff to show cause why her complaint should not be dismissed as time-barred. (Docket No. 10). The plaintiff responded, asserting that she did not authorize her former attorney to voluntarily dismiss her case, her former attorney advised the plaintiff that she had one year to refile her case after it was voluntarily dismissed, and that the plaintiff re-filed her case (the instant case) within one year of the voluntary dismissal. (Docket No. 13). The plaintiff submitted a letter dated July 28, 2014 from attorney Danese K. Banks of The Cochran Firm, Memphis, Tennessee, in support of her assertions. (*Id.* at p. 2).

The court then entered an order directing the plaintiff to explain why she is entitled to equitable tolling based on the July 28, 2014 letter from attorney Danese K. Banks of The Cochran Firm, Memphis, Tennessee. (Docket No. 14).

The plaintiff has timely responded. (Docket No. 17). The plaintiff states that, even though her case was dismissed in July 2013, her attorney did not tell her until around January 28, 2014,

2

when she called her attorney to inquire as to the status of her case. (*Id.* at p. 1). In the first week of February 2014, the plaintiff called her attorney again to find out when he was going to re-file her case. He told her that he was not going to re-file the case, and that she had a year to do it herself. (*Id.*) According to the plaintiff, on July 14, 2014, the plaintiff called The Cochran Firm to discover in what court her previous case had been filed so she could re-file it herself in the same court. (*Id.* at p. 2). Between July 14 and 28, 2014, the plaintiff states that she came to the Federal Courthouse in Nashville and discovered that attorney Elbert Jefferson, Jr. had filed a motion to voluntarily dismiss her previous case on July 30, 2013. (*Id.*) The plaintiff filed the instant *pro se* complaint in this court on July 28, 2014. (*Id.*) The plaintiff states that the letter she received from the Cochran Firm dated July 28, 2014, was the first time she was told in writing that her case had been dismissed. (*Id.*)

As of August 12, 2014, the plaintiff's only remaining claim is a Title VII claim. (Docket Nos. 4 and 5). Under Title VII, an employment discrimination suit must be filed within ninety (90) days of the plaintiff's receipt of a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). "If a plaintiff in possession of a right to sue letter files suit within this period, but later dismisses the lawsuit without prejudice, courts will regard that plaintiff as never having filed that suit and will not toll the statutory filing period of Title VII." *Clark v. Nissan Motor Mfg. Corp. U.S.A.*, 1998 WL 786892, at *3 (Oct. 26, 1998)(citing *Wilson v. Grumnan Ohio Corp.*, 815 F.2d 26, 27 (6th Cir. 1987)).

It is undisputed that the plaintiff filed her complaint more than ninety (90) days after her receipt of the right-to-sue letter from the EEOC. (*See* Docket No. 10 at pp. 2-3). Although she initially filed suit within the ninety day period, she later obtained a voluntary dismissal of her lawsuit without prejudice (albeit she claims this dismissal occurred without her knowledge and

acquiescence) and, with regard to the statute of limitations period, the court must regard the plaintiff as having never filed the first action. Thus, the plaintiff's instant Title VII claim, filed well beyond ninety days after her receipt of the right-to-sue letter from the EEOC, is time barred, unless the court finds that equitable tolling saves her claim.

The Sixth Circuit has held that the Title VII statutory filing requirement is subject to equitable tolling under very limited circumstances. *See Clark*, 1998 WL 786892, at *3; *Williams v. Sears, Roebuck & Co.*, 143 F. Supp.2d 941, 944 (W.D. Tenn. 2001)(holding that failure to bring suit within the proscribed ninety (90) day period is grounds for dismissal, absent a showing that the late filing is subject to waiver, estoppel, or equitable tolling). Although the case law allows for the "equitable tolling" of statutory deadlines, such relief is granted "only sparingly." *Irwin v. Dep't of Veteran's Affairs*, 498 U.S. 95, 95-96 (1990). As the court explained in *Gex v. Toys "R" Us, Inc.*, 2007 WL 2852351 (S.D. Ohio Oct. 2, 2007):

> The limitations provided in a federal statute were tolled, for example, where the defendants' negotiations with the plaintiff, including making express statements tolling the statute, and plaintiff's reliance thereon, could reasonably have led the plaintiff to delay in the filing of charges with the EEOC. *Leake*, 605 F.2d at 259. Also, the time limits may be tolled by "outside influences" such as insanity or minority. *Wilson*, 815 F.2d at 28. In another example, time limits were tolled when the defendant misled the plaintiff into believing that the plaintiff had more than three years in which to bring an action. *Burnett v. New York Cent. R.R. Co.*, 380 U.S. 424, 85 S. Ct. 1050, 13 L.Ed.2d 941 (1965) (citing *Glus v. Brooklyn E. Dist. Terminal*, 359 U.S. 231, 79 S. Ct. 760, 3 L.Ed.2d 770 (1959)). Finally, the time limits have been tolled in situations where the plaintiff pursued an alternative judicial remedy in state court reasonably believing it to be available to her. *Wilson*, 815 F.2d at 28 (citing *Fox v. Eaton Corp.*, 615 F.2d 716 (6th Cir.1980).

*Gex*, 2007 WL 2852351, at **8-9. As noted by the court in *Wallace v. Wheeling-Pittsburgh Steel Corp.*, 2008 WL 4347358 (S.D. Ohio Sept. 10, 1998): "[i]n all of these cases-unlike the instant action and *Gex*-the events supporting the tolling took place before the end of the tolling period. In

4

other words, there are no instances . . . where a statute of limitations that had already run had been tolled." *Id*. at *3.

Here, the events supporting the requested tolling did not occur before the end of the tolling period. The letter submitted by the plaintiff from The Cochran Law Firm appears to corroborate the plaintiff's assertions that her attorneys told the plaintiff that she had one year from July 30, 2013, "to re-file" her case. (Docket No. 13 at p. 3). In giving this advice, the attorneys presumably were relying on Tennessee's savings statute, which does not apply in this instance. *See Clark*, 1998 WL 786892, at *3 (citing *Johnson v. Railway Express Agency, Inc.*, 489 F.2d 525, 530 (6th Cir. 1973)(specifically rejecting application of the Tennessee savings statute to the Title VII limitations period)); *Wallace v. Wheeling-Pittsburgh Steel Corp.*, 2008 WL 4347358, at *4 (S.D. Ohio Sept. 10, 2008)("Absent some sort of equitable tolling, a state tolling statute, such as Ohio's, also does not stop the time limits set forth in a federal statute such ast Title VII."). *See also Canady v. Klaiber*, 2007 WL 81858 (N.D. Ohio Jan. 8, 2007)(dismissing later-filed Title VII action as time barred even though the parties stipulated to an earlier dismissal under Fed. R. Civ. P. 41(a)).

The plaintiff's former attorneys apparently did not exercise the requisite due diligence to ascertain the effect of obtaining a voluntary dismissal without prejudice of the plaintiff's Title VII claim in July 2013. Ostensibly, even a cursory search for legal authority would have revealed the critical consequence of the action the attorneys undertook–notably, according to the plaintiff, without her knowledge and permission. The critical consequence was that, even if the plaintiff had immediately filed a second complaint upon the July 20, 2013 voluntary dismissal of her remaining Title VII claim, that claim would have been time barred, as it would have been filed beyond ninety days of the plaintiff's August 28, 2012 receipt of her right-to-sue letter. In other words, Jefferson's agreeing to a voluntary dismissal of the plaintiff's Title VII claim on July 30, 2013, likely foreclosed

5

to the plaintiff the possibility of ever pursuing her claim. *See Clark*, 1998 WL 786892, at *4 (outlining very similar fact pattern and concluding that "[t]hese facts differentiate this case from those where 'despite all due diligence [a plaintiff] is unable to obtain vital information bearing on the existence of his claim.'")(citations omitted)). Although the plaintiff claims that she was never afforded an opportunity to weigh on Jefferson's decision to voluntarily dismiss her remaining claim, "[w]hen a lawyer represents a client, his acts become the client's acts, his knowledge the client's knowledge." *Maples v. Thomas*, 132 S. Ct. 912, 922 (2012); *Lampe v. Kash*, 735 F.3d 942, 944 (6th Cir. 2012)(citing *Maples*). And, as the Sixth Circuit has pointed out, "there is some question as to whether attorney negligence of the 'garden variety' can ever warrant equitable tolling." *Clark*, 1998 WL 786892, at *3 n.8 (citing *Cantrell v. Knoxville Community Dev. Corp.*, 60 F.3d 1177, 1179-80 (6th Cir. 1995)).

As regrettable are the circumstances in which the plaintiff now finds herself,[1] the court finds that the plaintiff's Title VII claim in the instant action cannot be equitably tolled or saved by a state savings statute, even considering her former attorney's apparent negligence. Because the plaintiff's claim is time barred, the case against Friendship Home Solutions, Inc. may not proceed.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge

---

[1] While the doctrine of equitable tolling does not afford the plaintiff the relief she seeks in this case, the plaintiff may find an alternate form of relief in agency law.